A. A. COOPER WAGON & BUGGY COMPANY, APPELLANT, V.
FRED B. TORBERT, APPELLEE.

FILED FEBRUARY 26, 1910.   No. 15,926.

Principal and Agent: AUTHORITY OF AGENT: RELEASE OF GUARANTOR.
In a suit by a manufacturer of farm implements to recover from
a retail agent the balance due on purchasers' notes guaranteed·
by him, the foundation for proof that he had been released from
liability on the guaranty by an agreement with plaintiff's travel-
ing representative to procure chattel security for purchasers'
notes, *held* sufficient as to such representative's authority, where
defendant, without objection or contradiction, testified he had
transacted business with him as plaintiff's agent and his acts had
been approved by plaintiff; had bought goods from him and
turned over to him for plaintiff money and notes in settlement;
had purchased goods from him which plaintiff had delivered; had
made settlements with him and plaintiff had accepted the benefits
thereof; and had performed his agreement by procuring chattel
security, which the record shows to have been accepted by plain-
tiff.

APPEAL from the district court for Boyd county: WIL-
LIAM H. WESTOVER, JUDGE.  *Affirmed.*

*N. D. Burch,* for appellant.

*A. H. Tingle, D. A. Harrington* and *Jeannette Taylor,*
contra.

ROSE, J.

Plaintiff is an Iowa corporation engaged in manufac-
turing and selling wagons, buggies and farm implements,
and defendant was its agent at Dorsey, Nebraska. Under
the contract of agency defendant was required to keep a
stock of goods on hand and to make sales at retail. He
was authorized to accept, in settlement for vehicles sold,
farmers' notes payable to plaintiff, and was required to
deliver the proceeds in notes or cash to plaintiff, and to
make monthly reports of sales and of goods on hand. The
contract also contained a provision requiring defendant

to guarantee payment of all notes delivered to plaintiff. The petition contains two counts. On the first, plaintiff seeks to recover on an open book account, running from June 11, 1901, to November 27, 1904, a balance of $260. On the second, judgment is demanded for a balance of $589.26 on unpaid notes guaranteed by defendant. As to the first count, defendant denies the indebtedness *in toto*, alleges the account was settled, and that plaintiff owes him $315.54. As a defense to the second count, defendant alleges he is not indebted to plaintiff in any sum whatever on account of the guaranty pleaded. He also pleads, among other things, a release from liability on the guaranty by performance of a subsequent agreement entered into with plaintiff, through its agent P. J. Donoher, to take from purchasers and turn over to plaintiff chattel security for notes. Upon a trial to a jury a verdict was rendered in favor of defendant for $10.70, and from a judgment thereon plaintiff has appealed.

To defeat the first cause of action, defendant testified to a settlement with plaintiff, through its agent F. M. Barron; and the first reason urged for a reversal is that there is no proof of Barron's authority to act in that capacity. If this position is well taken, defendant nevertheless testified positively, without objection, that his books of account showed a balance in his favor. He also testified that he was not indebted to plaintiff in any sum. An examination of the record shows that as to the first cause of action the evidence is sufficient to sustain the verdict in favor of defendant.

In establishing his defense to the second cause of action, defendant testified to facts tending to show he had entered into and performed an agreement for his release as guarantor, that he made the agreement with plaintiff, through its agent P. J. Donoher, and that he was released by taking and turning over to plaintiff chattel security instead of the guaranteed farmers' notes authorized by the original contract. Plaintiff next argues there is no foundation for this proof because there is no evidence

that Donoher had authority to act for plaintiff in making such an agreement. The following is a summary of the testimony of defendant on this subject: He was acquainted with Donoher, who was plaintiff's traveling representative. Defendant had transacted business with him as plaintiff's agent, and plaintiff had approved his acts; had bought goods from him and turned over to him for plaintiff money and notes in settlement; had purchased goods from him, which plaintiff had delivered; and had made settlements with him, and plaintiff accepted the benefits thereof. Defendant also detailed a number of transactions with Donoher in which he acted for plaintiff. This testimony was admitted in evidence, without objection, and is uncontradicted. In addition, the record shows defendant procured chattel security pursuant to the terms of the new agreement, and that plaintiff accepted the fruits of performance on his part. In absence of objections or contradictory evidence, the testimony, as a foundation for proof of plaintiff's release, will be held sufficient on appeal.

The evidence being sufficient to sustain the verdict, and no other assignment of error being argued, the judgment will be

AFFIRMED.